## THOMAS H. BARKER *v.* S. W. FULLERTON.

Notary certified that notice to the defendant, endorser, was given through the post-office, by letter directed to " the parish of St. Charles, opposite the Red Church." There was no post-office at that place, but it was proved that a letter addressed to defendant, and directed as above, would have been sent to Taylor's post-office, some eight or ten miles from the Red Church, and seven miles from defendant's house, where most letters directed like this were sent. *Held:* that the notice was sufficient.

Demand of payment at the place where note is payable is sufficient.

The certificate of the Notary did not show in what post-office the notice to the endorser was placed, but the protest being dated at New Orleans, it was held that the only reasonable inference was that the notice was placed in the post-office at New Orleans.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Gaither*, for plaintiff. *Mott & Frazer*, for defendant and appellant.

VOORHIES, J. The defendant is appellant from a judgment in favor of the plaintiff, holding him liable as endorser of a promissory note. His defence

rests on the ground that he was not legally notified of the demand and protest of the note.

The note is payable at the Louisiana State Bank, and endorsed by the payee and defendant. The Notary certifies that he notified both the endorsers by letters addressed to them respectively, through the post-office: the one to the defendant at the parish of St. Charles, opposite the Red Church. It is shown that there is no post-office at this point, the nearest, that of Taylor's, being about eight or ten miles from it, and seven miles above the defendant's house. It is proved by *Mr. Guibert,* who then acted under Post-Master *Musson* as Chief Mail Clerk, that a letter addressed at that time to *S. W. Fullerton,* parish of St. Charles, would have been sent to Taylor's post-office. When the principal office was known, the letters were invariably sent there. Taylor's was the principal one where letters, directed as in this case, were sent to, and to which most letters were sent.

It is urged by the appellant's counsel that the note was not presented for payment, nor protested for dishonor, at the residence of the maker. It was presented at maturity for payment at the bank, where it was made payable. This we consider sufficient.

It is also urged by the defendant's counsel that the certificate does not show in what post-office the Notary placed the notice addressed to the defendant. The notice was addressed to the defendant, through the post-office. The only reasonable inference deducible from this, it appears to us, is, that the notice addressed to the defendant, through the post-office, must have been placed in the post-office in New Orleans, where the protest was made. Upon the whole, after a careful perusal of the evidence, we are not prepared to say that the Judge *a quo* erred in considering it sufficient to fix the liability of the defendant as endorser.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.